# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE ALLEN BRIDGES,

                     Petitioner,

v.

RANDALL HEPP,

                     Respondent.

Case No. 17-CV-384-JPS

**ORDER**

On March 15, 2017, the petitioner Andre Allen Bridges ("Bridges") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1 at 1-12). On September 30, 2011, after proceeding to trial in Milwaukee County Circuit Court, Bridges was convicted of three drug distribution felonies and for being a felon in possession of a firearm. *Id.* at 2. On March 9, 2012, he was sentenced to eleven years' imprisonment. *Id.*

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided

procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Bridges' petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, Bridges' petition appears timely. On the face of the petition, Bridges represents that his direct appeal process ended on January 29, 2015, with the denial of his petition for review by the Wisconsin Supreme Court (he did not seek certiorari). (Docket #1 at 3). This would mean that Bridges' one-year limitations clock would have started on April 29, 2015. Bridges filed a post-conviction motion on October 23, 2015, which tolled the expiration of his limitations period. *Id.* at 4. However, Bridges states that the motion was denied on November 4, 2015. *Id.* at 5. Bridges notes that the denial was appealed but provides no details about the appeal. *Id.* The Court has reviewed the publicly available Wisconsin court records for Bridges' criminal case, and has discovered that the post-conviction motion appeal actually ended on February 15, 2017, again with the Wisconsin Supreme Court's denial of a petition for review. *See State of Wisconsin vs. Andre A. Bridges*, Case No. 2010-CF-1603, Milwaukee County Circuit Court, Court Record Events, *available at*: https://wcca.wicourts.gov/ (last accessed Sept.

20, 2017). Thus, by the time Bridges filed his petition on March 15, 2017, it appears the limitations period had not yet expired. Of course, if the Court's understanding is incorrect, Respondent remains free to raise the statute of limitations as a defense to Bridges' petition.

The court continues its Rule 4 review by examining Bridges' petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to

amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Bridges presents four grounds for relief: 1) the search of the apartment, presumably where he and the drugs were found, violated the Fourth Amendment; and 2) ineffective assistance of counsel, in three separate claims, for a) failing to challenge the lack of probable cause for his arrest, b) failing to present a defense witness at a suppression hearing, and c) failing to challenge the fact that Bridges was not produced for a probable cause hearing within 48 hours of his warrantless arrest. (Docket #1 at 6-9). According to the face of the petition, it appears that Bridges presented these claims to each level of Wisconsin state court review, either in his direct appeal or in his post-conviction motion. *See id.* at 3-4. Accordingly, the Court cannot conclude that it "plainly" appears from the record that Bridges did not exhaust his claims. Therefore, it will not dismiss the petition on this basis.

The court next reviews Bridges' petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir.

1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *See O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). On the face of the petition, it appears that Bridges has not procedurally defaulted on his claims.[1]

The Court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Bridges' federal habeas petition. *See Ray*, 700 F.3d at 996 n.1 (citing *Small*, 998 F.2d at 414, for the proposition that district courts may dismiss petitions that fail to state a claim or are factually frivolous). Bridges' claims are not patently frivolous and may state claims upon which relief could be granted; if proven, Bridges' claims will show that his conviction was unconstitutional and that he is therefore entitled to habeas relief. Thus, the claim is not so plainly without merit as to warrant dismissal at this stage. Because it does not plainly appear that Bridges' claims are frivolous or speculative, the Court will direct the respondent to respond to Bridges' claims in the petition.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or

---

[1] Bridges has attached nothing to his petition, not even basic items such as the briefs or opinions filed in his direct appeal or post-conviction litigation. This hampers the Court's review of both exhaustion and procedural default. Respondent will be free to raise these issues if the record shows they have merit.

answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

   a. The petitioner shall have sixty (60) days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred twenty (120) days from the date of this order if no brief is filed by petitioner.

   c. The petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

   a. The petitioner shall have thirty (30) days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

   b. The respondent shall have fifteen (15) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive

motion filed by respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge